**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1573-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HAROLD E. DUFFUS, a/k/a
ROCCO DUFFES, ROCCO
DUFFUS, HAROLD POCCHIO,
and GARY SHOEMAN,

     Defendant-Appellant.

_____

Submitted January 8, 2019 – Decided January 16, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-12-1939.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Shortly after noontime, August 20, 2011, Home Depot loss prevention supervisor Christopher Decker became suspicious of defendant as he proceeded through the store's aisles. He followed defendant for a while and eventually, from a roughly thirty- to forty-foot distance, watched as defendant removed a drill from its carton using a boxcutter he took from his pocket; Decker then watched as defendant removed a mailbox from its carton and placed the drill in the empty mailbox carton, retaped it so "it looked like it was never opened," and proceeded to checkout. Decker followed defendant to the self-checkout register, where defendant paid $26.72 for what purported to be a mailbox. Defendant then left through the store's main exit. Decker followed and approached defendant in the parking lot. Decker identified himself and asked defendant to accompany him back into the store. When defendant "became verbally combative," Decker applied an "arm escort," a technique he learned in his training, to bring defendant back into the store. When the physical confrontation continued, defendant said, "if you don't let me go I'm going to . . . cut you up." Concerned for his safety, Decker grabbed defendant's arm as he was pulling the boxcutter out of his pocket and squeezed defendant's wrist hard enough to get

him to release the boxcutter. Once escorted by Decker into an inner officer, defendant stated he was "a heroin addict and . . . need[ed] the money." Eventually police arrived and placed defendant under arrest.

Defendant was charged with first-degree robbery, N.J.S.A. 2C:15-1, and other related offenses. At the conclusion of a three-day trial in May 2012, defendant was found guilty of first-degree robbery, third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), fourth-degree unlawful possession of a weapon under circumstances not appropriate for its lawful uses, N.J.S.A. 2C:39-5(d), and disorderly-persons shoplifting, N.J.S.A. 2C:20-3. The judge granted the State's motion to sentence defendant to a discretionary extended term as a persistent offender, and in July 2012, the judge imposed a fifteen-year prison term, subject to an eighty-five percent period of parole ineligibility, on the robbery conviction. The judge imposed lesser concurrent terms on those other convictions that did not merge into the robbery conviction.

Defendant appealed, arguing: (1) his statements to Decker were coerced and should not have been admitted; (2) the judge erred in refusing to redact his statement regarding his reference to drug use; (3) the judge erred by refusing to instruct the jury on self-defense; (4) the judge interfered in the presentation of the case; and (5) the sentence was manifestly excessive. We rejected these

arguments and affirmed, State v. Duffus, No. A-2074-12 (App. Div. Apr. 23, 2015), and the Supreme Court denied defendant's petition for certification, 223 N.J. 556 (2015).

In August 2015, defendant filed a post-conviction relief (PCR) petition, arguing the ineffectiveness of his trial attorney because, in defendant's view, the attorney: should have conducted a more thorough investigation; failed to interview another loss prevention officer; should have procured a more favorable plea offer; should have made a more effective opening statement; should have pursued the application of an adverse inference due to the State's failure to call the other loss prevention officer; failed to effectively cross-examine the witnesses; should have moved to dismiss because evidence was not preserved; failed to make an adequate closing statement; and failed to adequately advocate for him at sentencing. Defendant also asserted that appellate counsel was ineffective for failing to present all these matters in prosecuting defendant's direct appeal. By way of his November 16, 2016 written decision, the PCR judge concluded that an evidentiary hearing was warranted.

An evidentiary hearing, at which defendant's trial attorney testified, took place on July 24, 2017. The PCR judge provided a written decision, containing

his findings of fact and conclusions of law, on August 29, 2017. The judge rejected all defendant's arguments and denied post-conviction relief.

Defendant appeals, arguing in a single point:

> DEFENDANT'S PCR PETITION SHOULD HAVE BEEN GRANTED BECAUSE TRIAL COUNSEL MISUNDERSTOOD THE DISCOVERY RULES, ERRONEOUSLY BELIEVED THAT LOCATING AND INTERVIEWING AN ESSENTIAL WITNESS WOULD PREJUDICE THE DEFENDANT, MISUNDERSTOOD STATE V. CLAWANS[1] AND R. 3:13-3, AND PURPOSELY REFRAINED FROM CONDUCTING ESSENTIAL PRETRIAL INVESTIGATION, THEREBY PERMANENTLY DENYING DEFENDANT THE RIGHT TO A FAIR TRIAL.

Defendant also filed a pro se supplemental brief in which he seeks our consideration of all the other issues – not pursued by PCR appellate counsel here – that he raised in the PCR court. We find insufficient merit in the arguments of PCR appellate counsel and in the arguments incorporated by defendant's pro se supplemental brief to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

We add only a few comments about much of what defendant argues here: the alleged "missing witness," Michael Rivera, another Home Depot loss

---

[1] State v. Clawans, 38 N.J. 162 (1962).

prevention officer. After the evidentiary hearing, the PCR judge found that counsel properly investigated and defended the matter, particularly as it relates to Rivera. First, as the judge found, defendant never mentioned to him this other potential witness. The matter was prosecuted on the basis of Decker's testimony and his observations and interactions with defendant. And, although Rivera may have witnessed some parts of the events, the PCR judge recognized that the trial attorney tactically defended the matter by suggesting that Decker was willfully dishonest and that Decker also improperly handled or secured relevant evidence.[2] As the judge observed:

> When [defense counsel] cross-examined Mr. Decker, Mr. Decker testified that he had watched the video of the registers but no one else had seen the video. The video was unable to be produced for trial. Testimony was also elicited that Decker was formerly a police officer and was currently employed as a loss prevention officer for Home Depot. All of the testimony combined with the lack of evidence was part of trial counsel's strategy for the jury to infer that . . . Decker was a bad police officer resulting in his career change and now was a bad loss prevention officer.

> Moreover, [defense counsel] testified [at the PCR hearing] that . . . Decker was the only individual who had alleged to have seen the robbery and all the evidence was either not preserved or never produced. Calling . . . Rivera, would not only be unhelpful to the

---

[2] For example, in-store video was not preserved, and the empty drill box was not retained.

6

defense . . . but could have also possibly hurt the defendant. Although the [d]efense was unsuccessful at obtaining a <u>Clawans</u> charge against the State for not calling . . . Rivera, [defense counsel] defended the case effectively.

We also see no ground for permitting a <u>Clawans</u> charge regarding the State's failure to call Rivera as a witness. To be sure, under the circumstances, such a charge would have been appropriate if the State had called Rivera and not Decker, but not the other way around.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1573-17T4